**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| AARON CUEBAS-QUILES, ) | |
| ID #2037033, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:16-CV-656-N (BH) |
| ) | (consol. with No. 3:16-CV-657-N) |
| WILLIAM STEPHENS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this habeas case has been referred for findings, conclusions and recommendation. Before the Court is the petitioner's *Application to Proceed In Forma Pauperis,* received March 22, 2016 (doc. 7), along with a certificate of trust fund account statement for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a). Based on the relevant filings and applicable law, the motion should be denied, and the case should be dismissed without prejudice for failure to follow an order of the court.

**I.  BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in this case that was received on March 8, 2016. (*See* doc. 3.) By order dated March 11, 2016, he was ordered to file an amended petition using the proper form and to either pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.) On March 14, 2016, this case was consolidated with a related case, No. 3:16-CV-657-N. (*See* doc. 5.) On March 22, 2016, the petitioner submitted amended petitions for both cases and an IFP motion with a certificate of trust fund account statement (CTA) for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a).

(*See* docs. 6, 7, 8.) The CTA showed a balance of $0.14 as of the date of its preparation, but total deposits of $450.12 over the prior three months. It showed that the petitioner had a balance of $250.00 in February 2016, the month before he filed his petition. The first page of the form petition expressly gave him notice that he must pay the filing fee if he has access, or has had access, to enough funds.

Based on this information, the Court issued an order on March 23, 2016, finding that the petitioner should be denied leave to proceed *in forma pauperis* (IFP), but giving him thirty days to pay the required $5.00 filing fee. (doc. 9.) The order warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*Id.*) More than thirty days have passed, but the petitioner has not paid the filing fee or otherwise responded to the order to pay the fee.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner's CTA showed total deposits of $450.12 over the prior three months, and his account balance in February 2016 was $250.00. The first page of the form petition he

2

submitted expressly gave him notice that if he has access, or has had access, to enough funds, he must pay the filing fee. The trust fund account statement shows that the petitioner has had access to sufficient funds to pay the $5.00 filing fee. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was given 30 days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. He still has not paid the fee or otherwise responded to the order to pay the fee. Because he failed to comply with the order that he pay the $5 filing fee, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

### IV. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 2nd day of May, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4